*Toombs v. New York City Housing Authority*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty.

PRESENT:  DENNIS JACOBS,
　　　　　 GERARD E. LYNCH,
　　　　　 RICHARD J. SULLIVAN,
　　　　　　　　　*Circuit Judges.*

------------------------------------------------------------

DISIREE TOOMBS,

　　　　　　　　　*Plaintiff-Appellant*,


　　　　　v.　　　　　　　　　　　　　　　　　　　No. 19-3109-cv


NEW YORK CITY HOUSING AUTHORITY,

　　　　　　　　　*Defendant-Appellee*,


JOHN LOPEZ, in his official and individual capacity,
JOHN and JANE DOES 1-10, and XYZ CORP. 1-10,

　　　　　　　　　*Defendants*.

------------------------------------------------------------

FOR APPELLANT:                    RUDY   ARTIN   DERMESROPIAN,
                                  Rudy A. Dermesropian, LLC, New
                                  York, NY.

FOR APPELLEE:                     JANE LIPPMAN, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Disiree Toombs appeals from an order of the Southern District of New York (Swain, *J.*), granting summary judgment in favor of her former employer, the New York City Housing Authority ("NYCHA"), on Toombs's claims of race discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

We review the district court's grant of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013).

## I.    Toombs's Race Discrimination Claim

Toombs argues that she was discharged on the basis of her race, a claim we analyze under the three-step burden shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). To establish a prima facie case of discrimination, a plaintiff must show that she (1) "is a member of a protected class," (2) "was performing [her] duties satisfactorily," and (3) "was discharged," and that (4) her "discharge occurred under circumstances giving rise to an inference of discrimination on the basis of [her] membership in the protected class." *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). The employer must then offer a legitimate, nondiscriminatory reason for its actions, which the plaintiff may show is a pretext for prohibited discrimination. *See Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (2000).

Toombs has not established a prima facie case of racial discrimination. Her claim mainly rests on her allegation that Superintendent Lopez said to a group of Black and Hispanic workers, "I want you out of here so I can bring in my people." Toombs Br. at 16. But, as the district court found, Toombs did not hear this statement directly, and was unable to provide any admissible evidence that it was

ever made. *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 71 (2d Cir. 2000) (finding that "while second-hand comments may be relevant, a district court deciding a summary judgment motion must be provided with admissible evidence demonstrating the truth of the non-movant's assertions"). Here, a supervisor at the Riis Houses testified that, at some point, she had heard some unidentified people say that Lopez made statements of "that nature prior to me getting there." App'x at 297. This vague testimony, however, is both inadmissible hearsay and touched only on comments made over a year before Toombs was terminated. It therefore does not support Toombs's prima facie case. *See Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007) ("[T]he more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination."), *abrogated in part on other grounds by Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167 (2009).

The remainder of Toombs's claim rests on broad, vague allegations regarding her former colleagues. For instance, Toombs alleged that, at the time Lopez started, 75% of the caretakers at Riis Houses were Black, and that the number decreased to 50% – although she also testified that she did not know the racial composition of the workforce. Setting aside her contradictory assertions,

4

Toombs submitted no actual evidence supporting that accusation. She never sought documents concerning the number of employees during discovery, nor did she file any motions complaining of the failure to disclose such documents. *See Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (noting that a plaintiff "may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment" (citation omitted)). Defendants, by contrast, submitted evidence showing that while Lopez was Superintendent, at least three caretakers who identify as Black left Riis Houses because they were promoted; of the three caretakers who were terminated, one was Hispanic; and five caretakers who identify as Black started working at Riis Houses.

Our conclusion is not upset by Toombs's examples of perceived unfair treatment. A plaintiff may, of course, support her prima facie case "by demonstrating that similarly situated employees of a different race were treated more favorably," but those employees must be "similarly situated in all material respects." *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir. 1999) (internal quotation marks omitted). Toombs has failed to demonstrate as much. While she contends that Hispanic caretakers were given more overtime hours than Black caretakers, she provides no evidence that this was in fact true, nor does she

show that the relevant caretakers were "similarly situated" to her such that it would give rise to an inference of discrimination. And while she points to the adverse treatment of two specific coworkers, she does not connect that treatment to any discriminatory intent.

Moreover, Defendants have shown a legitimate, non-pretextual reason for Toombs's termination – her extensive record of inferior performance and misbehavior, including her failure to satisfactorily complete her probation. Toombs suggests that several years' worth of misbehavior reports were false, but she has not provided any evidence to bolster her bare allegation. And although she submitted a CD showing photos that she contends support her view that she was a satisfactory employee, she has not explained how they do. Conjecture and "conclusory allegations or denials" are just not enough. *See Hicks*, 593 F.3d at 166 (citation omitted).

## II.    Toombs's Retaliation Claim

Toombs asserts that she was fired for complaining about racially discriminatory conduct. Title VII makes it unlawful "for an employer to discriminate against any" employee because she opposed a practice made unlawful by Title VII or participated in a Title VII investigation or proceeding. 42

U.S.C. § 2000e–3(a). Retaliation claims are also analyzed under the burden-shifting analysis provided by *McDonnell Douglas*. A "plaintiff alleging retaliation in violation of Title VII must show that retaliation was a 'but-for' cause of the adverse action, and not simply a 'substantial' or 'motivating' factor in the employer's decision." *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (citation omitted). She can do so "by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." *Id.* at 846.

Even if we assume that Toombs has established a prima facie case of retaliation, Defendants have offered a non-retaliatory reason for her dismissal – one that Toombs has not shown to be pretextual. Again, Toombs broadly alleges that the complaints against her were falsified. But there is absolutely nothing in the record supporting this, nor is there anything in the record indicating Lopez's retaliatory intent beyond a supervisor's inadmissible testimony about rumors that Lopez had made comments of a discriminatory "nature prior to [the supervisor] getting there." App'x at 297. This is insufficient.[1]

---

[1] To the extent Toombs argues that her disciplinary citations were themselves retaliatory, her retaliation claim still fails. As the district court carefully explained, Toombs had no direct evidence that those who issued the citations knew about her complaints – and her citations either

7

### III. Toombs's Hostile Work Environment Claim

Finally, Toombs contends that her employer created a hostile work environment, in violation of Title VII. To prove this claim, she "must produce enough evidence to show that 'the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010)). Because Toombs has not provided any admissible evidence that would allow a jury to infer anything even close to that, she cannot show that she suffered from a hostile work environment under Title VII.

\*     \*     \*

We have considered the rest of Toombs's arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

came several months after she complained about race or involved what Toombs admitted to be her own misconduct.

8